**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

IN THE MATTER OF:

TANYA RONG ZHANG,

                                   Petitioner,

       - v -                                          Civ. No. 1:06-MC-122
                                                      (DNH/RFT)

THE UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

                                  Respondent.

**APPEARANCES:**                                 **OF COUNSEL:**

OFFICE OF ALICE K. BERKE          FREDERICK P. KORKOSZ, ESQ.
Attorney for Petitioner
930 Madison Avenue
The Berke-Salem Building
Albany, New York 12208

HON. GLENN T. SUDDABY           CHARLES E. ROBERTS, ESQ.
OFFICE OF THE UNITED STATES ATTORNEY
Attorney for Respondent
100 South Clinton Street
Syracuse, New York 13261-7198

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**<u>REPORT-RECOMMENDATION and ORDER</u>**[1]

     Petitioner Tanya Rong Zhang moves this Court to review the Board of Immigration Appeals

Decision, dated March 9, 2006, affirming the Decision of an Administrative Immigration Judge

denying Nguyen's application to change her birth date as noted on her naturalization and citizenship

---

[1] This matter was referred to this Court by the Honorable David N. Hurd, United States District Judge, on March 15, 2007.

documents.[2] Dkt. Nos. 1, Pet. to Am. Cert. of Naturalization, dated Aug. 25, 2006, & 4, Mem. of Law, dated Oct. 10, 2006.  Respondent Homeland Security opposes Nguyen's Application to Amend her Certificates of Naturalization.  Dkt. No. 7, Answer, dated Nov. 29, 2006.  Zhang filed a Sur-Reply to Respondent's Opposition.  Dkt. No. 8, Pet. Sur-Reply, dated Dec. 1, 2006.  On June 29, 2007, a hearing was held with Zhang testifying and both she and the Government presenting exhibits.[3]

## I. PETITION FOR CITIZENSHIP

Zhang is a native of China and was granted refugee status pursuant to the Immigration and Nationality Act, entering the United States on October 15, 1997.  Zhang's father, James Jian Tang was naturalized as a citizen of the United States on September 20, 1996, and sponsored his daughter's emigration to the United States.  Until 1997, Zhang's previous efforts to emigrate to the United States had failed.

Zhang's application for refugee status and all other attending documents reflected her birth date as November 25, 1964.  Pet. Exs. 3-7; Resp. Exs. A-C.  In 2002, Zhang petitioned this country for naturalization and citizenship.  Her Petition for Naturalization and all accompanying documents also listed her birth date as November 25, 1964.  *Id*.  On March 23, 2003, Zhang was granted United States Citizenship and received a Certificate of Naturalization which also bears the same date of birth.  *Id*.  In fact, this birth date is listed on all of her governmental records.

In 2005, Zhang filed an Application for Replacement of her Naturalization/Citizenship

[2] After the Hearing held on June 29, 2006,  Zhang filed a Memorandum of Law clarifying that she is not making a motion to review the agency's decision but rather moving as a matter of right under 8 C.F.R. § 334.16(b).

[3] Both parties submitted exhibits. Zhang's Exhibits were previously attached to this Petition to Amend.  The Government submitted documents that in most respects were duplicative of some of Nguyen's Exhibits.  None of the exhibits were challenged and were admitted into evidence without objections.

Document. Pet. Ex. 1. The purpose for the Replacement Application was to correct her Certificate of Naturalization to reflect a change of her birth date from 1964 to 1979. *Id*. An Administrative Law Judge for the United States Citizenship and Immigration Services denied her Application and said denial was affirmed by the Administrative Appeals Office (AAO). *Id*. Relying specifically upon agency regulations, particularly 8 C.F.R. § 338.5, the AAO found that the reason for the change of her birth date was not based upon a clerical error and accordingly found no justification to alter the Certificate of Naturalization. Zhang's Application for Replacement was dismissed without prejudice and the AAO's determination noted that she could submit her request to an United States District Court since the courts may have a different, more discretionary standard of review. *Id*. Zhang has filed such a Petition with this Court.

## II. HEARING ON JUNE 29, 2007

In addition to submitting exhibits, Zhang testified on her behalf at a Hearing held on June 29, 2007.

Zhang was born to the union of James Jian Tang and Zhang Baofen in Chong Ging, China. James Jian Tang was born on June 20, 1920, and Zhang Baofen was born on June 22, 1922. Zhang has four older siblings who were born in 1947, 1949, 1950, and 1960. Zhang's parents, as well as administrators and teachers at her schools, told her that her birth date is November 25, 1964. Official certified Chinese records also reflect this as her birth date. Resp. Ex. C. Zhang decries that this birth date is inaccurate and asserts that her true birth date is November 25, 1979, which would make her twenty-six.

Zhang testified that her parents had selected her birth date as November 25, 1964, in order to avoid austere sanctions under China's Family Policies. Under this policy, after 1970, Chinese

families are allowed only one child, and those families that have more than one child prior to 1970 escaped such penalities.  Since Zhang was the fifth child born into her parents' household and if her birth date of 1979 was official, she could not get household registry.  Therefore, her parents selected her birth date as 1964 after they, or someone, had determined from the local registration office that there was "a slot for somebody born in 1964."  Hr'g Tr. at pp. 22-23.  Other than Zhang's testimony, the intricacies of China's Family Policy were not corroborated.[4]

Zhang's parents always told her that her birth date was 1964 even though, at least from her perspective, her appearance and chronological development was not synchronized with her registered age.  While in elementary school, even though her peers only occasionally discussed their birth dates, Zhang found it peculiar that her birth date made her fifteen years older than the other students.  Although her testimony was rather muddled, this chronological oddity became readily apparent when she began high school in 1995.  As she testified, Zhang did not attend regular high school but rather went to evening school or had a tutor because her parents were preparing her to emigrate to the United States.  It became more obvious to her that her chronological development and her registered age were not in sync.  Zhang felt like an outcast, could not relate to any age group because of this confusion, and perceived lack of synergy with her high school classmates.  Zhang acknowledged that her high school classmates were of "widely varying ages." Hr'g Tr. at p. 29. She continued to testify that

> some were small, some were big, and the students they were from all walks of life
> and many of them were full time workers and after work they went to school, and

---

[4] Presumably, Zhang thought that the details of Chinese Family Policy were either well known or documented in the United States and that this Court would take judicial notice of such byzantine facts.  This Court is vaguely familiar with China's one child per household rule but this can hardly suffice as judicial notice of the particulars of this policy. We cannot claim any further knowledge of this law, especially whether families prior to 1970 were granted a "grandfather" exclusion from the harsh realities of this policy.

they just after school they registered for evening school, they went.  So the age
difference was very huge.
Hr'g Tr. at p. 30.

Zhang's Application for Immigration Visa and Alien Registration, which appears to have

been prepared by her father, indicates that her birth date is November 25, 1964.  Pet. Exs. 5-7.

Attached to this Application is a notarially certified Chinese's birth certificate identifying her

parents, Jin Tang and Zhang Baofen, and her birth date as November 25, 1964. Pet. Ex. 7.  Likewise,

her Application for Naturalization and Citizenship lists the same date.  Resp. Ex. A.

While in the United States, Zhang graduated from high school, junior college, and college.

Her speciality is computer information systems.  After graduating from both junior college and

college, Zhang found it difficult to obtain employment.  She blames her poor English[5] and her age

as the primary obstacles to gaining meaningful employment.  As an example, she testified as to her

working experience with Macy's Department Store, which she claims has an employment policy

based upon age.  It is her belief that Macy's classifies employment opportunities, full and part time,

and positions, such as cashier, based upon age.  Hr'g Tr. at pp. 39-42.  This age discriminatory

practice, which she perceives is ubiquitous, is the major impetus for Zhang to change her Certificate

of Naturalization to indicate that her true date of birth is November 25, 1979.

Attached to her Petition is another Notarial Certificate of Birth showing her date of birth as

November 25, 1979.  Pet. Ex. 2.  This Certificate, dated July 28, 2003, states that "Zhang Rong was

[sic] paid a fine that she was born without the permitting plan ticket of China in that time.  Hereafter,

---

[5] Zhang's poor language skills may have been a pivotal problem for her to which we can attest.  Her English
is so poor that we could not decipher her testimony without the assistance of an interpreter.  Initially, Zhang testified in
English but our comprehension of her testimony became extremely difficult.  To facilitate her further testimony, the
Court retained a Chinese interpreter, however, there were moments when understanding the substance of her testimony
was vexing.

this present Notary Certificate concerning Zhang Ron's birthdate replaces all previous certificates concerning her birthdate."[6]  *Id*.  Although it was not explicitly stated, it is implicit from her testimony that her father advised her of this true date.

## III.  DISCUSSION

As required by the regulations, Zhang filed an Application, Form N-565, to correct her Certificate of Naturalization with Immigration Naturalization Service, an agency now encompassed within Homeland Security.  The relevant regulation can be found at 8 C.F.R. § 338.5, which states as follows:

> (a) Whenever a Certificate of Naturalization has been delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate, an application for issuance of a corrected certificate, Form N-565, without fee, may be filed by the naturalized person. The application shall be filed at the Service office having jurisdiction over the place of residence of the applicant.
>
> (e) The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

Under this regulation, the Certificate of Naturalization may be changed in order to resolve factual discrepancies or to conform the facts with the Application for Naturalization, or to correct clerical errors.  In reviewing Zhang's Application, both the Administrative Law Judge and the AAO noted that her request did not identify any clerical error and, strictly adhering to the proscription of this regulation, found her Application "not justified."  Even though the agency has denied her Application, Zhang was not without remedy and filed her Petition with a district court.  8 C.F.R. §

---

[6]  There are at least two previous Notarial Certificates of birth for Zhang.  The dates of those Certificates are September 10, 1997, and December 8, 1989.  *See* Pet. Ex. 7 & Resp. Ex. C.

*-6-*

334.16;[7] *In re Lee*, 2007 WL 926501 (N.D. Cal. Mar. 26, 2007).

Zhang bears a "stringent burden" in demonstrating to the Court that the date of birth on the

Certificate of Naturalization is incorrect. *Liu v. Immigration & Naturalization Serv.*, 1998 WL

809037, at *2 (N.D.N.Y. Nov. 17, 1998). "This burden must be carried with 'unequivocal evidence

as to the applicant's true date of birth.'" *In re Osman*, 2007 WL 1480966, at *1 (W.D.N.Y. May

20, 2007) (quoting *Liu v. Immigration & Naturalization Serv.*, 1998 WL 809037, at *2). Noting that

the federal regulations governing amending certificates of naturalization resist making such changes

to the certificate for any reason other than clerical error, *Varghai v. INS, Dist. Dir.*, 932 F. Supp.

1245, 1246 (D. Or. 1996), courts have often hewed closely to the directions of these regulations as

well. *See Application of Yu Hong Ting*, 446 F. Supp. 203 (S.D.N.Y. 1978) (petition denied in light

of policy). Still, courts have the authority to permit an amendment of the certificate in order to

correct the petitioner's date of birth. *Kouanchao v. United States Citizenship and Immigration

Servs.*, 358 F. Supp. 2d 837 (D. Minn. 2005).[8]

---

[7] 8 C.F.R. § 334.14(b) states in part,

Whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made. No objection shall be made to the amendment of a petition for naturalization after the petitioner for naturalization has been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission. A representative of the Service may appear at the hearing upon such application and be heard in favor of or in opposition thereto. When the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the Service file.

[8] Stressing this point, the *Kouanchao* court cited Judge Learned Hand for the proposition that

[n]o one wants gratuitously to impose upon naturalization proceedings that technical spirit which easily follows a literal application of so detailed a statute, and which results in vexatious disappointment, and in needless irritation, to a defenseless class of persons necessarily left to the guidance of officials, except in so far as the courts may mitigate the rigors of their interpretation.

*Kouanchao v. United States Citizenship and Immigration Servs.*, 358 F.Supp. 2d 837, 839 (D.Minn. 2005) (quoting *In re Denny*, 240 F. 845, 846 (S.D.N.Y. 1917)).

Where there is no evidence of fraud, courts have carefully weighed whether amendments to the certificate of naturalization should be awarded. *In re Hua*, 2007 WL 1087563, at *1 (W.D.N.Y. Apr. 9, 2007) (citing, *inter alia*, *Duc Minh Ha v. United States Citzenship & Immigration Servs.*, 2006 WL 1997360, at *4-6 (D. Minn. July 14, 2006) & *In re Lee*, 2007 WL 926501, at *2-3) (absence of fraud)).  Ostensibly, the degree of any misrepresentation is critical in this determination.

Zhang failed to meet her strict burden of presenting unequivocal evidence as to her true birth date of November 25, 1979, and her confusing testimony further compromised her Petition.

 Rather than a clear cogent and definitive presentation of the facts, especially her date of birth, we were confronted with at least three "official" Notarial Certificates of Birth which are at odds as to Zhang's exact birth date.  Two Certificates, dated September 10, 1997 and December 8, 1989, note her birth date as 1964, and a more recent Certificate, dated June 2003, indicates 1979. What diminishes the trustworthiness of the latter Certificate is that Zhang, after many years, paid a fine to procure this Certificate.  Thus, it is plausible to reckon that the latter birth date came with a price and, moreover, the Court should not have to struggle so in determining which Certificate is controlling nor reconcile the discrepancy for the Petitioner.  Because of these divergent Certificates, Zhang has not presented an unequivocal and authentic verification of her birth date.  *In re Osman*, 2007 WL 1480966 (petitioner's papers were not in order); *In re Hua*, 2007 WL 1087563 (finding that petitioner did not present authenticated birth certificate); *In re Nguyen*, 2006 WL 2860814 (D.Minn. Oct. 4, 2006) (ruling that petitioner failed to provide authenticated certified documents); *In re Motion to Correct Certificate of Naturalization*, 2006 WL 2882574 (D.N.J. Oct. 3, 2006)

(petition denied without prejudice so that he could correct his application to the court); *Liu v. Immigration & Naturalization Servs.*, 1998 WL 809037, at *2 (the translation of the document had not been authenticated).

Zhang asks this Court to construe her facts similar to Soukanh Kouanchao, who had used a false birth certificate for over forty years. *Kouanchao v. United States Citizenship and Immigration Servs.*, 358 F. Supp. 2d 837. The *Kouanchao* court decided that his acts of perpetuating the wrong birth date for many years were "careless" and yet granted his petition to change his certificate of naturalization because there was no harm or prejudice to the government and no perceived benefit to him. In support of his application, Kouancho presented authenticated documents that were consistent, sworn affidavits, and witnesses to confirm his actual birth. Here, only Zhang testified and her meager proof does not quantitatively nor qualitatively compare to that in Kouancho.

Zhang's equivocal testimony about her school experiences did not contribute to establishing her age. Attending an evening high school with students of various ages and backgrounds does not support her contention of an age gap between them nor aids her in meeting her stringent burden of proof. Appearing young and being young are too distinct matters. Further, Zhang's ambiguous employment history riddled with suppositions of age discriminatory practices regrettably depleted any sense of credulity. Lastly, Zhang's testimony that her mother was child bearing from 1947 to 1979, a span of thirty-two years, is practically incredible. Zhang testified that her four older brothers were born in a twelve-year cluster - 1947, 1949, 1950, and 1960 - and then she was born nineteen years later to a woman who would have been fifty-seven at that time. Although it is possible that a fifty-seven year old woman could conceive a child, it is improbable that she did, especially considering that the onslaught of menopause generally occurs in women between their late forties

or early fifties.  Whether possible or probable, the lack of un-controverted proof to such an astounding anatomical accomplishment deflates Zhang's claim.

When Zhang's burden of proof is supposed to be unequivocal, our record is perforated with doubt.  Hence, her Petition must fail.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition to Amend her Certificate of Naturalization be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   July 10, 2007
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

*-10-*